**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CANDIDO RAMIREZ BAUTISTA,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Case No. 5:26-cv-02933-PA-ACCV

**ORDER DENYING PETITION AS MOOT**

On May 26, 2026, Petitioner Candido Ramirez Bautista ("Petitioner"), who was detained by United States Immigration and Customs Enforcement ("ICE") on April 22, 2026, following his December 29, 2025, arrest for Lewd and Lascivious Acts with a Minor and Aggravated Sexual Assault, filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") alleging his detention at the Adelanto ICE Processing Center was in violation of 8 U.S.C. § 1231(a)(6) and the Due Process Clause of the Fifth Amendment. (Dkt. 8 at 2; Dkt. 1 at 6.) That same day, Petitioner also filed a Memorandum of Law in Support of a Temporary Restraining Order ("TRO"). (Dkt. 2.)

On May 29, 2026, the Court denied the TRO without prejudice finding that Petitioner did not allege the type of imminent, irreparable harm contemplated by

General Order No. 26-05, and Petitioner did not establish facts warranting any relief. (Dkt. 6 at 1.)

On June 5, 2026, Respondent filed Return to Petition for Writ of Habeas Corpus arguing that: (1) Petitioner appears to be subject to the Laken Riley Act, (2) the Department of Homeland Security has authority to detain individuals in removal proceedings, and (3) Petitioner's confinement does not violate his due process rights. (Dkt. 8 at 2-5.) On June 24, 2026, the assigned Magistrate Judge ordered that the Petition be dismissed with leave to amend on the basis that the Petition fails to allege facts sufficient to support a claim for relief. (Dkt. 9 at 2.) Petitioner failed to file an amended petition as ordered, and on August 5, 2026, the assigned Magistrate Judge sua sponte granted Petitioner an opportunity to file an amended petition within 14 days of the Order. (Dkt. 10.)

On August 21, 2026, Petitioner filed an Ex Parte Notice of Motion and Emergency Application for Temporary Restraining Order and Stay of Removal. (Dkt. 11.) On August 24, 2026, the Court denied the TRO application. (Dkt. 12 at 2.) The Court found that in light of the dismissal of Petitioner's original Petition, and Petitioner's failure to file an Amended Petition curing the deficiencies identified in the assigned Magistrate Judge's June 24, 2026 Order, Petitioner failed to establish the required likelihood of success or serious questions to support injunctive relief, or that the balance of hardships tips sharply in Petitioner's favor. (*Id.*)

On August 26, 2026, the assigned Magistrate Judge sua sponte granted Petitioner 14 days to file an amended petition. (Dkt. 13 at 2.)

On September 1, 2026, Respondent filed Federal Respondent's Notice of Intended Transfer. (Dkt. 14.) Respondent gave notice that Respondent served a notice of removal on Petitioner, identifying Petitioner as scheduled for transfer on September 4, 2026, in accordance with Petitioner's Final Order of Removal issued on August 25, 2026. (*Id.* at 2.)

///

On September 2, 2026, the assigned Magistrate Judge issued a text entry requesting an update as to Petitioner's whereabouts. (Dkt. 15.) On September 8, 2026, Respondent filed Respondent's Status Report stating that Petitioner reamined detained at Adelanto ICE Processing Center and was scheduled for transfer and removal on September 4, 2026, but that transfer was delayed. (Dkt. 17 at 2.) On September 14, 2026, the assigned Magistrate Judge ordered Respondent to file an answer within 72 hours as Respondents had not filed an answer or removed Petitioner. (Dkt. 18.) On September 15, 2026, Respondent filed a Notice of Removal and Suggestion of Mootness confirming that Petitioner was removed to Mexico on September 11, 2026. (Dkt. 19 at 2.)

"A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, section 2, of the Constitution." *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir. 2001) (citation omitted). To maintain a viable claim, a litigant must continue to have a personal stake in the outcome of the suit throughout "all stages of federal judicial proceedings." *Id*. If there is no longer a possibility that a party can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction. *See Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). "[W]hen, by virtue of an intervening event, a court [ ] cannot grant 'any effectual relief whatever' in favor of the [petitioner]," the proceeding should be dismissed as moot. *Calderon v. Moore*, 518 U.S. 149, 150, 116 S. Ct. 2066, 135 L. Ed. 2d 453 (1996) (citation omitted).

As a result of Petitioner's removal to Mexico on September 11, 2026, he is no longer subject to immigration detention or any other condition from which the Court can grant relief. Because no further relief can be given to Petitioner by the Court, the Petition is moot and must be dismissed for lack of jurisdiction. *See Calderon*, 518 U.S. at 150; *Ruvalcaba*, 167 F.3d at 521.

///

///

For the reasons discussed above, it is ORDERED that the Petition is denied as moot, and the Clerk is directed to enter Judgment accordingly.

DATED: September 16, 2026

PERCY ANDERSON
United States District Judge

Presented by:

HON. ANGELA C. C. VIRAMONTES
United States Magistrate Judge